**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Javier Guzmán-Montesino.<br><br>    Defendant. | **Crim. No. 24-106(GMM)** |

**MEMORANDUM AND ORDER**

Before the Court is the United States of America's ("Government") request that the Court order the commitment of defendant Javier Guzmán-Montesino ("Defendant"), under 18 U.S.C. §§ 4246 & 4248, to determine dangerousness. *See* (Docket Nos. 63; 61). The Defendant opposes the Government's request. He argues that the Court lacks authority to order the Defendant's commitment since no certificate of dangerousness has been filed with the Clerk of the Court. According to the Defendant, the filing of the certificate of dangerousness is a prerequisite for a commitment under 18 U.S.C. §§ 4246 or 4248. After studying the parties' briefs, the Court **GRANTS** the Government's request.

### I.   BACKGROUND

On March 20, 2024, the Defendant was indicted on one count of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). (Docket No. 3). On April 29, 2024, the Government filed an *Unopposed Motion Requesting a Mental Health Evaluation*

*Pursuant to 18 U.S.C. §§ 4241 & 4242* at Docket No. 15. There, the Government requested that the Defendant be evaluated by an expert to make a determination as to his competence to stand trial and mental state on the dates of the commission of the offenses alleged in the indictment. The Court granted the request. (Docket Nos. 16; 17). Subsequently, on September 4, 2024, the Court received a *Psychological Evaluation*, prepared by Dr. Lisa Bellah. (Docket No. 18). Dr. Bellah concluded that the Defendant was not currently competent to continue with court proceedings and recommended that he be referred to restoration treatment pursuant to 18 U.S.C. § 4241(d). (Docket No. 18 at 10). Based on Dr. Bellah's opinion, the Government moved for a hearing for the Court to determine by a preponderance of the evidence whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Docket No. 19). If Defendant were to be found incompetent by the Court, then the Government requested the Court commit Defendant to the custody of the Attorney General to be hospitalized at a suitable facility for a period of up to four (4) months to determine if there was a substantial probability that he would attain competency in the foreseeable future. (Id.).[1]

---

[1] The Court notes Defendant's objection, at the time, to the Government's request that he be submitted to restoration treatment under 18 U.S.C. § 4241(d).

After several procedural occurrences, a Competency Hearing was held on January 14, 2025. (Docket No. 51). After hearing testimony and listening to the parties' arguments, the Court found by the preponderance of the evidence that the Defendant "is presently suffering from a mental or cognitive defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." (Id. at 3; Docket No. 50). The Court then ordered that the Defendant be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months of actual treatment, for treatment in a suitable facility in order to attempt to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward pursuant to 18 U.S.C. §4241(d). (Id.; Docket No. 50). Defendant was referred to MCC Chicago for treatment.

On July 22, 2025, the Court received a *Forensic Evaluation Report* ("Report") prepared by Dr. Abdelaal pursuant to 18 U.S.C. §§ 4241(d) & 4247. (Docket No. 56). In sum, Dr. Abdelaal opines that "given the nature of the [D]efendant's diagnosis, there is not a substantial probability that with an additional period of time in restoration he will attain the capacity to permit the proceedings to go forward." (Docket No. 56 at 1). In response to the Report, on August 1, 2025, the Court held a hearing to

determine whether there was a substantial probability that the Defendant would attain the capacity to permit the proceedings to go forward with an additional time in restoration. During the hearing, the Defendant and the Government expressed that they do not contest the Report's findings and requested the Court to adopt the same. As such, the Court adopted the report prepared by Dr. Abdelaal and determined that there is no substantial probability that Defendant will attain the capacity to permit the proceedings to go forward with an additional time in restoration. (Docket No. 63). The Government then requested the Court to order that Defendant undergo a dangerous assessment pursuant to 18 U.S.C. §§ 4246 & 4248. Defendant opposed the Government's request. He argued that the Court lacks authority to commit Defendant pursuant to 18 U.S.C. §§ 4246 & 4248 since a certificate of dangerousness was not issued by the director of MCC Chicago while Defendant was undergoing treatment pursuant to 18 U.S.C. § 4241(d). (Id.).

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 4241(d), if the court finds that the defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." The Attorney General shall then hospitalize the defendant for

treatment in a suitable facility for a reasonable period of time, not to exceed four months, to determine whether "there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d). Notably, § 4241(d) dictates that "[i]f, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248."

Here, the Court found that a substantial probability that Defendant will attain competency did not exist. Thus, by a plain reading of § 4241(d), he is now subject to the provisions of §§ 4246 & 4246. 18 U.S.C. § 4246(a) provides that:

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing

> to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4248(a) provides that:

> In relation to a person who is in the custody of the Bureau of Prisons, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person, the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is a sexually dangerous person. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

The interplay between §§ 4241(d), 4246, and 4248 has perplexed district courts, many of which have highlighted the incongruencies found in the statutory language. *See, e.g.,* United States v. Cerno, No. CR 22-0893, 2023 WL 8571362, at *10 (D.N.M. Dec. 11, 2023) (collecting cases); United States v. Coad, No. 23-CR-00077, 2025 WL 90164, at *3 (D. Colo. Jan. 14, 2025). That said, the Court is persuaded by the Ninth Circuit in United States v. Godinez-Ortiz, 563 F.3d 1022 (9th Cir. 2009), *cert. denied,* 559 U.S. 1009 (2010).

In <u>Godinez-Ortiz</u>, Mr. Pedro Godinez-Ortiz ("Mr. Godinez-Ortiz") was committed to a federal medical facility, FMC-Butner, so that a restoration determination could be made. After a hearing was held, the district court found that there was no substantial probability that Mr. Godinez-Ortiz would obtain competence in the foreseeable future. *See* <u>Godinez-Ortiz</u>, 563 F.3d at 1025-26. The United States then requested that the district court order Mr. Godinez-Ortiz returned to FMC Butner "to provide the facility director with the opportunity to reevaluate him and issue a dangerousness certificate pursuant to 18 U.S.C. § 4246, if appropriate." <u>Id.</u> 563 F.3d at 1026. The district court granted the request and ordered that Mr. Godinez-Ortiz "be returned to FMC-Butner for a period of 45 days to give the facility an opportunity to determine whether to file a dangerousness certificate pursuant to § 4246." <u>Id.</u> Mr. Godinez-Ortiz appealed arguing, as the Defendant does here, that the district court lacked authority to commit him and commence proceedings under § 4246 since the statute requires: (1) the federal medical facility director to file a certification with the clerk of the court in the district where the individual is confined; (2) the individual is hospitalized at the federal medical facility at the time the certification is filed; and (3) prior to filing the certificate with the district court, the evaluation which leads to the certification has already occurred. *See* <u>id.</u> 563 F.3d at 1030. The Ninth Circuit rejected Mr.

Godinez-Ortiz's arguments and reasoned that the district court had the ability to order him temporarily committed for a dangerousness evaluation. See id. 563 F.3d at 1031 ("nowhere does § 4246 state that the director's certificate must be filed during the person's commitment under § 4241 or before the § 4241(d) evaluation period ends.").

In addition, here, Defendant's argument that MCC Chicago director could have prepared and a filed a certificate of dangerousness if the director believed the Defendant met criteria for certification is unavailing. The fact MCC Chicago did not raise issues as to the Defendant's dangerousness during the restoration proceedings does not mean that a dangerousness evaluation is not warranted. A § 4241(d) competency evaluation is "materially different" from a dangerousness evaluation. See Coad, 2025 WL 90164, at *3 (citing United States v. Curbow, 16 F.4th 92, 96 (4th Cir. 2021)).

Hence, there being no binding First Circuit precedent on the matter, the Court will follow the Ninth Circuit's ruling in Godinez-Ortiz and apply its analysis with equal force to § 4248.

### III. CONCLUSION

The Court **ORDERS** Mr. Javier Guzmán-Montesino committed to the custody of the Attorney General, pursuant to 18 U.S.C. §§ 4246(a)-(b); 4248(a)-(b); and 4247(b), who shall hospitalize the Defendant

for the examination and evaluation necessary to make the certification decision. Mr. Javier Guzmán-Montesino shall be committed in the nearest suitable facility closest to the Court, or MCC Chicago, the facility where he was committed under 18 U.S.C. § 4241(d). Mr. Javier Guzmán-Montesino's hospitalization shall be for a reasonable period of time, not to exceed forty-five days, as is necessary to determine whether he is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available. Likewise, within a reasonable period of time, not to exceed forty-five days, it shall be determined whether Mr. Javier Guzmán-Montesino is a sexually dangerous person. The director of the facility may apply to the Court for a reasonable extension, upon a showing of good cause that the additional time is necessary to observe and evaluate Mr. Javier Guzmán-Montesino, but not to exceed thirty days. *See* 18 U.S.C. § 4247(b).

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, August 14, 2025.

                                        s/Gina R. Méndez-Miró
                                        GINA R. MÉNDEZ-MIRÓ
                                        UNITED STATES DISTRICT JUDGE